Priyantha ULUWITA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72440.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Filed Feb. 17, 2006.

R.App. P. 34(a)(2).

Michael K. Ungar, Esq., Simmons & Ungar, San Francisco, CA, for Petitioner.

NVL-District Counsel, Office of the District Counsel, Las Vegas, NV, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Helen J. Brunner, Esq., Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Priyantha Uluwita, a native and citizen of Sri Lanka, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and may reverse only if the evidence

compels a contrary conclusion. *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir. 2000). We deny the petition.

Uluwita testified that he worked as a loan evaluation manager and that members of the Liberation Tigers of Tamil Eelam threatened him with violence and beat him because they desired to secure loans for Tamil applicants. There is no evidence that Uluwita was perceived as having any particular political opinion, or that the people who assaulted Uluwita were motivated by anything other than financial interests. Consequently, substantial evidence supports the BIA's decision that petitioner failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1094–95 (9th Cir.2002) (alien must show that persecutors imputed a political opinion to him to succeed on asylum claim).

Because Uluwita failed to demonstrate he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999).

Uluwita also fails to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he returned to Sri Lanka. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.